UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DWAYNE ANTHONY DUPREE,

        Petitioner,        Case No. 1:21-cv-611

v.        Honorable Robert J. Jonker

GREGORY SKIPPER,

        Respondent.
_____/

# **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

**I.     Factual allegations**

Petitioner Dwayne Anthony Dupree is incarcerated with the Michigan Department of Corrections at the Michigan Reformatory (RMI) in Ionia, Ionia County, Michigan.  On June 7, 2017, following an eight-day jury trial in the Wayne County Circuit Court, Petitioner was convicted of conspiracy to commit first-degree murder, in violation of Mich. Comp. Laws § 750.316, second-degree murder, in violation of Mich. Comp. Laws § 750.317, felon in possession of a firearm (felon-in-possession), in violation of Mich. Comp. Laws § 750.224f, interference with a criminal case, in violation of Mich. Comp. Laws § 750.122, and use of a firearm during the commission of a felony (felony-firearm), in violation of Mich. Comp. Laws § 750.227b. On June 23, 2017, the court sentenced Petitioner as a fourth habitual offender, Mich. Comp. Laws § 769.12, to prison terms of life without parole for conspiracy, 50 to 75 years for murder, 10 to 25 years for interference with a criminal case, and 5 to 20 years for felon-in-possession.  The court also sentenced Petitioner to 2 years for felony-firearm.

The Michigan Court of Appeals described the facts underlying Petitioner's convictions as follows:

> In 2010, David Matlock shot Darryl Waller, who survived.  Matlock hid from law enforcement until he was arrested in December 2014.  He was arrested with Michael Alexander (his nephew) and Calvin Watson after the police stopped Watson's vehicle.  The police discovered Matlock's outstanding warrant for having previously shot Waller, and Matlock was fearful that he could be incarcerated for life.  While in custody, Matlock convinced Alexander and Watson to kill Waller upon their imminent release.  Watson got defendant to drive a vehicle.  Defendant, Watson, and Alexander formulated a plan to lure Waller from his home and shoot him.  After a trial run, Watson dropped out. Defendant, Alexander, and another man killed the 57-year-old Waller at his home.  Matlock and Watson testified against defendant, although Watson, who had already been sentenced pursuant to his plea bargain, changed his story at trial in an apparent attempt to exonerate defendant.

2

*People v. Dupree*, No. 339627, 2019 WL 6248015, at *1 (Mich. Ct. App. Nov. 21, 2019).

Petitioner, with the assistance of counsel, appealed his convictions and the sentence on the conspiracy count to the Michigan Court of Appeals. He reports that he raised four issues in that court, the same four issues that he lists as his habeas grounds. By opinion issued November 21, 2019, the court of appeals rejected Petitioner's challenges to his convictions and conspiracy to murder sentence and affirmed the trial court. Petitioner then filed a *pro per* application for leave to appeal to the Michigan Supreme Court. He reports that he raised the same issues in the supreme court that he raised in the court of appeals. By order entered June 30, 2020, the supreme court denied leave to appeal. *People v. Dupree*, 944 N.W.2d 698 (Mich. 2020).

On July 16, 2021, Petitioner filed his habeas corpus petition raising four grounds for relief, as follows:

I. The state court decision was contrary to, or involved an objectionably unreasonable application of clearly established federal law, and/or an objectionably unreasonable determination of the facts in light of the evidence presented in the trial court, when it denied that . . . Mr. Dupree's trial counsel denied Mr. Dupree his Sixth Amendment right to the effective assistance of counsel when he failed to investigate and call as an alibi witness Shallena Cummings, failed to impeach or otherwise present evidence that David Matlock wanted to kill Mr. Dupree, and failed to challenge the admissibility of the toolmarks/ballistic evidence pursuant to Daubert or to cross examine the prosecutor's toolmark/ballistic expert and failed to hire a defense expert in toolmarks/ballistics?

II. The state court decision was contrary to, or involved an objectionably unreasonable application of clearly established federal law, and/or an objectionably unreasonable determination of the facts in light of the evidence presented in the trial court, when it denied that . . . the jury verdict went against the great weight of the evidence as there is no direct evidence that Mr. Dupree was at the scene when Mr. Waller was murdered and the two witnesses who claim that he was involved had their testimony heavily impeached?

3

      III.      The state court decision was contrary to, or involved an objectionably unreasonable application of clearly established federal law, and/or an objectionably unreasonable determination of the facts in light of the evidence presented in the trial court, when it denied that . . . the prosecutor failed to present sufficient evidence to convict Mr. Dupree?

      IV.      The state court decision was contrary to, or involved an objectionably unreasonable application of clearly established federal law, and/or an objectionably unreasonable determination of the facts in light of the evidence presented in the trial court, when it denied that . . . the trial court erred when it indic[a]ted in the judgment of sentence that Mr. Dupree's conspiracy to commit first degree murder conviction sentence was life without parole?

(Pet., ECF No. 1, PageID.4–13.)

## II.    Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138–39.

4

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner's description of his appellate issues (Pet., ECF No. 1, PageID.2), tracks the listing of habeas grounds in the petition. It appears, therefore, that he has exhausted each of his habeas grounds in the state court. Examination of Petitioner's argument with respect to habeas ground III, however, reveals that he has gone beyond his appeal issues to present "additional positions." (Pet., ECF No. 1, PageID.9.) The additional position appears to include a claimed *Brady* violation.[1] Petitioner contends the prosecutor suppressed recordings of alleged telephone calls between Petitioner and Mr. Matlock. Petitioner claims further that the prosecutor's failure to provide the information—information that was requested during discovery—deprived Petitioner of his constitutional right to present a defense. (Pet., ECF No. 1, PageID.10.)

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under Mich. Ct. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. Mich. Ct. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy. To properly exhaust his claim, Petitioner must file a motion for relief from judgment in the Wayne County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan

---

[1] In *Brady v. Maryland*, 373 U.S. 83 (1963), the Court held that "suppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87.

5

Supreme Court. *O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("'[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.'") (citation omitted).

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to

the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on June 30, 2020. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on September 28, 2020. Accordingly, absent tolling, Petitioner would have one year, until September 28, 2021, in which to file his habeas petition. Petitioner filed the instant petition on July 16, 2021, 74 days before expiration of the limitations period.

But the period of limitation has continued to run under *Duncan*. The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332. Thus, so long as Petitioner's request for collateral review is pending, the time will not count against him. But, until he files his motion and after the Michigan Supreme Court rules on his application for leave to appeal to that court, the statute of limitations will run. The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).

7

In the instant case, Petitioner has less than sixty days remaining before the statute of limitations expires. Indeed, it is not likely that Petitioner would get notice of this decision before the one-year period of limitation expired. Petitioner therefore would not have the necessary 30 days to file a motion for post-conviction relief or the additional 30 days to return to this court before expiration of the statute of limitations. As a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition. *Palmer*, 276 F.3d at 781.

The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278. Moreover, under *Rhines*, if the district court determines that a stay is inappropriate, it must allow the petitioner the opportunity to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.*

Consequently, if Petitioner wishes to pursue his unexhausted claims in the state courts, he must show cause within 28 days why he is entitled to a stay of these proceedings. Specifically, Petitioner must show: (1) good cause for his failure to exhaust before filing his habeas petition; (2) that his unexhausted claims are not plainly meritless; and (3) that he has not engaged

in intentionally dilatory litigation tactics. *See Rhines*, 544 U.S. at 277-78. If Petitioner fails to meet the *Rhines* requirements for a stay or fails to timely comply with the Court's order, the Court will review only his exhausted claims. In the alternative, Petitioner may file an amended petition setting forth only his exhausted claims.

An Order consistent with this Opinion will be entered.


Dated: September 22, 2021 /s/ Robert J. Jonker
ROBERT J. JONKER
CHIEF UNITED STATES DISTRICT JUDGE